UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Vladimir Vladimirovic Brik,<br><br>Defendant. | Case No. 15-cr-78(03) (SRN/BRT)<br><br>**ORDER** |

Craig R. Baune, Jordan L. Sing and Katharine T. Buzicky, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Vladimir Vladimirovic Brik, BOP Register No. 18466-041, FCI Elkton, Federal Correctional Institution, P.O. Box 10, Lisbon, Ohio 44432, Pro Se

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are the following pro se motions filed by Defendant Vladimir Vladimirovic Brik: (1) Motion Pursuant to Fed. R. Civ. P. 60(b) to Reopen § 2255 Motion [Doc. No. 746]; (2) Motion to Perpetuate Testimony Pursuant to Fed. R. Civ. P. 27(a) [Doc. No. 743]; (3) Motion to Withdraw the Motion to Perpetuate Testimony [Doc. No. 754]; (4) Motion to Supplement the Record [Doc. No. 748]; (5) Motion for Reconsideration [Doc. No. 761]; (6) Amended Motion for Reconsideration [Doc. No. 764]; (7) Motion to Strike Government's Response and Enter Government into Default [Doc. No. 765]; and (8) Motion to Correct Order on Motion for Reconsideration [Doc. No. 717].

Also pending before the Court is the Government's Motion to Dismiss Defendant's Motions Under Fed. R. Civ. P. 60(b) to Reopen his § 2255 Motion [Doc. No. 751].

I.   BACKGROUND

In July 2016, Brik pleaded guilty to controlled substance analogue distribution and money laundering conspiracy charges. (*See* Plea Agmt. [Doc. No. 375] ¶ 1.) On June 27, 2017, the Court sentenced him to a term of imprisonment of 118 months. (Sentencing J. [Doc. No. 548]; Am. Sentencing J. [Doc. No. 554].)

**A.   Direct Appeal and Initial Motion to Vacate Under 28 U.S.C. § 2255**

Brik filed a direct appeal with the Eighth Circuit Court of Appeals, arguing that the Government breached the parties' Plea Agreement by not opposing a two-point upward adjustment under the United States Sentencing Guidelines § 2D1.1(b)(15)(C). (*See* Appellant's Br. [Doc. No. 629-1] at 7].) The Eighth Circuit dismissed his appeal in light of Brik's waiver of appellate rights in the Plea Agreement. (8th Cir. J. [Doc. No. 596].)

In April 2019, Brik filed a Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 624], raising claims of ineffective assistance of counsel. Specifically, he asserted that his trial counsel was ineffective for the following reasons: (1) providing him inaccurate advice regarding the mens rea requirement under the Analogue Act; (2) failing to oppose a two-point upward adjustment at sentencing; (3) failing to challenge the Court's ruling on Defendant's proposed jury instruction; and (4) failing to show him the entire Presentence Investigation Report ("PSR"). (Def.'s § 2255 Mot., Grounds 1–4.) The Court denied Brik's motion on the merits and denied his application for a certificate of appealability, *United States v. Brik*, No. 15-78 (SRN/BRT), 2019 WL 6037570 (D. Minn. Nov. 14, 2019); (Nov.

14, 2019 Order [Doc. No. 639].) Brik appealed, and after review, the Eighth Circuit denied his application for a certificate of appealability, dismissed his appeal, (8th Cir. § 2255 J. [Doc. No. 649]), and, in September 2020, issued its mandate. (8th Cir. Mandate [Doc. No. 708].)

### B. Pending Motions

On March 23, 2021, Brik filed his Pro Se Motion to Perpetuate Testimony pursuant to Federal Rule of Civil Procedure 27(a) ("Motion for Testimony"). (Def.'s Mot. for Testimony [Doc. No. 743].) Brik claims that a recent discovery about the current status of trial counsel's law license warrants granting permission to depose her.

On May 3, 2021, Brik filed his Pro Se Motion Pursuant to Fed. R. Civ. P. 60(b) to Reopen his § 2255 Motion ("Motion to Reopen"). (Def.'s Mot. to Reopen [Doc. No. 746].) Brik raises two claims in his Motion to Reopen. (*Id.* at 1, 5–12.) He asserts that his guilty plea was not voluntary and informed because: (1) the prosecution withheld exculpatory evidence; and (2) his attorney was ineffective for not investigating or disclosing to him the value of such exculpatory evidence. (*Id.*)

On June 21, 2021, Brik filed his Pro Se Motion to Supplement the Record for Timeliness, arguing that his Motion to Reopen was timely filed. (Def.'s Mot. to Supplement [Doc. No. 748].)

On July 2, 2021, the Government responded to Brik's Motion to Reopen by moving to dismiss it. (Gov't.'s Mot. to Dismiss [Doc. No. 751].) It further requested a stay of any briefing schedules pending the resolution of the motion. (*Id.* at 5.)

On September 13, 2021, Brik filed a Pro Se Motion to Withdraw his Motion to Perpetuate Testimony [Doc. No. 754]. His Motion to Withdraw is granted, and the record shall reflect that his Pro Se Motion to Perpetuate Testimony is withdrawn.

On December 7, 2021, the Court directed the Government to respond to Brik's Motion to Reopen, noting that its previous response appeared to inadvertently address issues related to Brik's Motion to Perpetuate Testimony. (Dec. 7, 2021 Order [Doc. No. 756].)

On December 27, 2021, Brik filed a Pro Se Emergency Motion for Reconsideration, in which he moves the Court to reconsider its December 7, 2021 Order. (Mot. for Recons. [Doc. No. 761].) Brik argues that allowing the Government to file an untimely response to his Motion to Reopen would prejudice him, and he requests an entry of default judgement. (*Id.* at 1.)

The Government filed its response to Brik's Motion to Reopen on December 28, 2021, arguing that Brik's Motion should be denied because his motion, although stylized as a Rule 60(b) motion, is more properly classified as an unauthorized second or successive habeas petition. (Gov't's Resp. [Doc. No. 762] at 5–6.) As Brik has not received permission from the Eighth Circuit to file a successive § 2255 motion to vacate, the Government argues that this Court lacks jurisdiction to hear this motion. (*Id.* at 7.)

On January 3, 2022, Brik filed an Amended Emergency Motion for Reconsideration, in which he again moves the Court to reconsider its December 7, 2021 Order in which it directed the Government to respond to the instant motion. (Am. Mot. for

4

Recons. [Doc. No. 764]) In this Motion, he requests that the Court determine whether it abused its discretion in modifying the briefing schedule. (*Id.* at 4.)

On January 28, 2022, Brik filed a Pro Se Motion to Strike Government's Response and Enter Government into Default, in which he moves to strike the Government's response as untimely and requests that the Court enter default judgment in his favor. (Mot. to Strike [Doc. No. 765].)

Finally, unrelated to Brik's § 2255 claims, is his Pro Se Motion to Correct the Record. In this motion, Brik moves to correct alleged errors in the Court's October 19, 2020 Order [Doc. No. 715]), denying his motions for compassionate release. (Def.'s Mot. to Correct [Doc. No. 717].)

## II. DISCUSSION

### A. Motion to Reopen § 2255 Motion

As noted, in April 2019, Brik previously filed a § 2255 motion to vacate, which the Court denied. The Eighth Circuit subsequently denied his request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(b), amended § 2255, imposing strict restrictions on the filing of a second or successive § 2255 motion. *Abdullah v. Hedrick*, 392 F.3d 957, 960 (8th Cir. 2004). Under the AEDPA, a petitioner seeking to file a second or successive habeas petition must meet three requirements. *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). First, any claims previously presented in a prior habeas petition must be dismissed. *Id*. (citing § 2244 (b)(1)). Second, if a claim was not previously adjudicated, it must be dismissed unless it

relies on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Id*. (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). Third, before filing a second or successive § 2255 petition in the district court, a petitioner must obtain an order from the court of appeals granting permission to file. *Id*. (citing 42 U.S.C. §2255(h)). This third requirement is "absolute" and may not be evaded "by simply filing a successive § 2255 motion in the district court." *Boykin v. United States*, 242 F.3d 373 (Table), No. 99-3369, 2000 WL 1610732 at *1 (8th Cir. 2000).

The Supreme Court has held that as a general matter, these § 2255 procedural requirements for second or successive motions also apply to prisoners' motions for relief from judgment filed under Rule 60(b). *Gonzalez*, 545 U.S. at 531 (explaining that a prisoner's Rule 60(b) motion often contains claims that, in substance, make it "a successive habeas petition" that "should be treated accordingly."). The sole exception to subjecting Rule 60(b) motions to § 2255 procedural requirements is "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532.

Where, as here, the Rule 60(b) motion attacks the court's ruling in the previous habeas proceeding on the merits, or raises "new claims for relief," the motion is treated as a second or successive § 2255 motion. *Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *2 (8th Cir. Sept. 16, 2021) (citing *Gonzalez*, 545 U.S. at 531). As "a second or successive § 2255 motion may not be entertained by a district court unless the defendant has obtained approval from the Court of Appeals," Brik has failed to meet the stringent procedural requirements for filing a second or successive § 2255 motion. *United States v.*

6

*Borrero*, Nos. 03–281, 08–1160, 2010 WL 3927574, at *1 (D . Minn. Oct. 5, 2010) (citations omitted); *Rivera v. Smith*, No. 13-cv-2643 (SRN/FLN), 2013 WL 5874723, at *6 (D. Minn. Oct. 30, 2013) (dismissing a successive habeas petition in for failure to obtain an order from the court of appeals granting him permission to file it).

In light of Brik's failure to obtain the required preauthorization from the Eighth Circuit to file a second or successive § 2255 motion, Defendant's Motion to Reopen § 2255 Motion is denied.

### III.   ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion Pursuant to Fed. R. Civ. P. 60(b) to Reopen § 2255 Motion [Doc. No. 746] is **DENIED** and **DISMISSED** as it is a second or successive habeas petition filed without the required precertification from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3);

2. Defendant's Motion to Withdraw the Motion to Perpetuate Testimony [Doc. No. 754] is **GRANTED**;

3. Defendant's Motion to Perpetuate Testimony [Doc. No. 743] is **WITHDRAWN**;

4. Defendant's Motion to Supplement the Record [Doc. No. 748] is **DENIED AS MOOT**;

5. Defendant's Motion for Reconsideration [Doc. No. 761] is **DENIED**;

6. Defendant's Amended Motion for Reconsideration [Doc. No. 764] is **DENIED**;

7. Defendant's Motion to Strike Government's Response and Enter Government into Default [Doc. No. 765] is **DENIED**;

8. Defendant's Motion to Correct Order on Motion for Reconsideration [Doc. No. 717] is **DENIED AS MOOT**;

9. The Government's Motion to Dismiss Defendant's Motions Under Fed. R. Civ. P. 60(b) to Reopen his § 2255 Motion [Doc. No. 751] is **GRANTED**.

Dated: April 14, 2022

s/Susan Richard Nelson<br>
SUSAN RICHARD NELSON<br>
United States District Judge