# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Vladimir Vladimirovic Brik,<br><br>Defendant. | Case No. 15-cr-78(03) (SRN/BRT)<br><br>**ORDER** |

Craig R. Baune, Jordan L. Sing, and Katharine T. Buzicky, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Vladimir Vladimirovic Brik, BOP Register No. 18466-041, FCI-Elkton, P.O. Box 10, Lisbon, Ohio 44432, Pro Se

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are the following pro se motions filed by Defendant Vladimir Vladimirovic Brik: (1) Motion to Reconsider Pursuant to Fed. R. Civ. P. 59(e) ("Motion to Reconsider") [Doc. No. 773]; and (2) Request for Leave to Relate Back to and/or Reopen His Initial § 2255 ("Second Motion to Reopen") [Doc. No. 782]. For the reasons set forth below, the motions are denied.

I.   BACKGROUND

In July 2016, Brik pleaded guilty to controlled substance analogue distribution and money laundering conspiracy charges. (*See* Plea Agmt. [Doc. No. 375] ¶ 1.) On June 27,

2017, the Court sentenced him to a term of imprisonment of 118 months. (Sentencing J. [Doc. No. 548]; Am. Sentencing J. [Doc. No. 554].)

### A. Direct Appeal and Initial Motion to Vacate Under 28 U.S.C. § 2255

Brik filed a direct appeal with the Eighth Circuit Court of Appeals, arguing that the Government breached the parties' Plea Agreement by not opposing a two-point upward adjustment under the United States Sentencing Guidelines § 2D1.1(b)(15)(C). (*See* Appellant's Br. [Doc. No. 629-1] at 7].) The Eighth Circuit dismissed his appeal in light of Brik's waiver of appellate rights in the Plea Agreement. (8th Cir. J. [Doc. No. 596].)

In April 2019, Brik filed a Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 624], raising claims of ineffective assistance of counsel. Among his four grounds for relief, he argued that his counsel had rendered ineffective assistance by failing to show him the entire Presentence Investigation Report ("PSR"). (Def.'s § 2255 Mot., Ground 4.) As to all of Brik's grounds for relief, the Court denied his motion on the merits and denied his application for a certificate of appealability. *United States v. Brik*, No. 15-78 (SRN/BRT), 2019 WL 6037570 (D. Minn. Nov. 14, 2019); (Nov. 14, 2019 Order [Doc. No. 639].) Brik appealed, and after review, the Eighth Circuit denied his application for a certificate of appealability and dismissed his appeal. (8th Cir. § 2255 J. [Doc. No. 649].)

### B. First Motion to Reopen

In May 2021, Brik filed his Motion Pursuant to Fed. R. Civ. P. 60(b) to Reopen § 2255 Motion ("First Motion to Reopen") [Doc. No. 746], arguing that his guilty plea was not voluntary and informed because: (1) the prosecution violated *Brady v. Maryland* by

withholding exculpatory evidence; and (2) his attorney was ineffective for not investigating or disclosing to him the value of such exculpatory evidence. (*Id.* at 1, 5–12.)

Although styled as a Rule 60(b) motion, the Court found that Brik's First Motion to Reopen was, in essence, an unauthorized successive § 2255 habeas petition. (April 14, 2022 Order [Doc. No. 766] at 6–7.) Because Brik had not obtained precertification from the Eighth Circuit pursuant to 28 U.S.C. § 2244(b)(3), the Court lacked jurisdiction to consider his motion, and therefore denied relief. (*Id.*)

Brik appealed to the Eighth Circuit and requested a certificate of appealability, which the Eighth Circuit denied in May 2022 [Doc. Nos. 775, 776]. In August, September, and November 2022, the Eighth Circuit denied Brik's subsequent applications for authorization to file a successive habeas petition [Doc. Nos. 777–80, 878–88]. In addition, in October 2022, the U.S. Supreme Court denied Brik's petition for a writ of certiorari [Doc. No. 783].

### C. Pending Motions

In Brik's pending Motion to Reconsider, he asks this Court to reconsider its denial of his First Motion to Reopen, particularly as it relates to the disclosure of exculpatory evidence. (*See* Def.'s Mot. to Reconsider at 1–2.)

In his other pending motion—the Second Motion to Reopen—Brik refers to newly discovered evidence related to his § 2255 claim based on former counsel's alleged failure to show him all of the evidence used in the PSR, including purportedly exculpatory evidence. (Def.'s Second Mot. to Reopen at 1–3.) He therefore seeks permission to reopen his § 2255 proceeding. (*Id.*)

3

**II.     DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court.  The law limits a defendant to one § 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals.  *See* 28 U.S.C. §§ 2244, 2255(e), (h).  A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure.  *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005).  Accordingly, the Eighth Circuit has instructed that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding—like the one at issue—a district court should "conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254."  *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), *cert. denied*, 538 U.S. 953 (2003); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases).  If the Rule 60(b) motion is "actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, [] transfer the [] motion to the Court of Appeals."  *Boyd*, 304 F.3d at 814.

A review of Brik's pending motions demonstrates that they are, in effect, successive habeas petitions, filed without certification from the Eighth Circuit.  As noted earlier, in Brik's Motion to Reconsider, he argues that the Government failed to meet its disclosure obligations

4

under *Brady*, (Def.'s Mot. to Reconsider at 4–7), and in his Second Motion to Reopen, he presents a related argument that his former counsel failed to provide exculpatory information to him when the two of them reviewed the PSR. (Def.'s Second Mot. to Reopen at 2–3.) Brik's first argument regarding *Brady* appears to be a new claim, while the second is either a new claim or a variation of his fourth ground for § 2255 relief, for which the Court denied relief on the merits. (Nov. 14, 2019 Order at 16–17.) A new ground for relief constitutes a successive habeas claim, *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005), and a ground on which the Court has previously ruled on the merits likewise constitutes a successive claim, as it attacks the substance of the court's merits-based resolution of the claim. *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015).

The instant motions are therefore successive § 2255 motions for which Brik has not obtained authorization from the Eighth Circuit. While the docket reflects that Brik has attempted to obtain authorization on several occasions, the Eighth Circuit has consistently denied his requests. Accordingly, the Court lacks jurisdiction to consider his arguments and denies his motions on this basis. *Lee*, 792 F.3d at 1023–24.

### III. ORDER

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Reconsider Pursuant to Fed. R. Civ. P. 59(e) [Doc. No. 773] is **DENIED**; and

2. Defendant's Request for Leave to Relate Back to and/or Reopen His Initial § 2255 [Doc. No. 782] is **DENIED**.

Dated: March 16, 2023

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge