UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Vladimir Vladimirovic Brik,<br><br>Defendant. | Case No. 15-cr-78(03) (SRN/BRT)<br><br><br>**ORDER** |

Craig R. Baune, Jordan L. Sing, and Katharine T. Buzicky, Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Vladimir Vladimirovic Brik, 2107 East 5th Street, Superior, WI 54880, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Defendant Vladimir Vladimirovich Brik's Pro Se Motion to Compel Attorney to Surrender Specific Documents [Doc. No. 807]. In his motion, Mr. Brik indicates that he intends to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Brik stated that the records he seeks from his former attorney "are necessary for the preparation of such pleadings" and that he must present the records "[i]n order to receive authorization from the 8th Circuit Court of Appeals" to file his petition. *Id*.

Section 2255 permits a prisoner currently serving a criminal sentence and "claiming the right to be released" to move the Court which imposed the sentence to vacate, set aside, or correct the sentence being served. 28 U.S.C. § 2255. It appears to the Court that Mr.

1

Brik is no longer in custody or serving the sentence announced by this Court. *See* BOP Inmate Locator, https://bop.gov/inmateloc/ (last visited Dec. 4, 2023) (listing Mr. Brik, Reg. No. 18466-041, as "not in BOP custody"). Indeed, Mr. Brik filed his most recent motion [Doc. No. 807] from a residence in Superior, Wisconsin. Because Mr. Brik is not a prisoner, he is not eligible for—and would derive no benefit from—the relief available under § 2255. *See United States v. Charles*, No. 00-cr-130, 2020 WL 4059887, at *2 (D. Minn. July 20, 2020) (Section 2255 does not apply to a defendant who is not in custody); *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) (same). His motion is therefore denied as moot.

Were the Court to consider Mr. Brik's motion on the merits, the Court would deny the request. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). District court judges have the discretion to authorize habeas petitioners to invoke civil discovery processes only upon a showing of good cause. *Id*. Under *Bracy*, to establish good cause sufficient to warrant discovery, a petitioner must identify the essential elements of his substantive claim and make specific allegations that, if the facts were fully developed, would give a court reason to believe that the petitioner is entitled to relief. *Id*.

Mr. Brik has stated that he intends to file a § 2255 motion alleging ineffective assistance of counsel at both the plea and sentencing stages of his case. He has not alleged any facts to support his claim that his counsel was ineffective. Accordingly, he has not made a showing of good cause sufficient to warrant discovery in this case.

Even if the Court were to find good cause and exercise its discretion to allow discovery on Mr. Brik's future § 2255 motion, it would still deny Mr. Brik's motion under the discovery rules. Mr. Brik's former attorney is not a party to this lawsuit, and so the rule permitting a party to move to compel disclosure by another party does not apply here. *See* Fed. R. Civ. P. 37(a)(3) ("If a *party* fails to make a disclosure . . . any other party may move to compel disclosure.") (emphasis added). The proper procedure under the civil discovery rules for obtaining the records of Mr. Brik's former attorney would be through the Rule 45 subpoena power, but Mr. Brik has not served a subpoena on her. *See Chagoya v. United States*, No. 22-cv-356, 2022 WL 17403632, at *12 (E.D. Wis. Dec. 2, 2022) (determining that a prisoner-petitioner's former attorney is not a party to a § 2255 case and so can only be compelled to produce documents via subpoena, and denying a motion to compel production because no subpoena was served on the former attorney).

Finally, the Court would deny the request because Mr. Brik can only file a successive § 2255 motion with a grant of authorization from the Eighth Circuit, and the Court has no reason to believe based on his motion that the Eighth Circuit would grant such authorization. To the contrary, as this Court observed in this case less than one year ago, "[w]hile the docket reflects that Brik has attempted to obtain authorization on several occasions, the Eighth Circuit has consistently denied his requests." (Order on Motion to Reconsider [Doc. No. 790] at 5.)

## I.  ORDER

Based on the foregoing, and all the files, record, and proceedings here, **IT IS HEREBY ORDERED** that Defendant Vladimir Vladimirovich Brik's Pro Se Motion to

4

Compel Attorney to Surrender Specific Documents [Doc. No. 807] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: December 5, 2023                    /s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge