UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Vladimir Vladimirovic Brik,<br><br>Defendant. | Case No. 15-cr-78(03) (SRN/BRT)<br><br>**ORDER** |

Craig R. Baune, Jordan L. Sing, and Katharine T. Buzicky, Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Vladimir Vladimirovic Brik, 2107 East 5th Street, Superior, WI 54880, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Defendant Vladimir Vladimirovich Brik's Pro Se Motion to Reconsider [Doc. No. 809] the Court's Order on Mr. Brik's Motion to Compel [Doc. No. 808]. Mr. Brik also filed a renewed Motion to Produce Documents [Doc. No. 810].

Mr. Brik's motions relate to his desire to compel the production of certain documents from his former attorney in order to aid his intended filing of a habeas petition under 28 U.S.C. § 2255. Specifically, Mr. Brik is seeking to obtain his former attorney's file pertaining to Dr. Anthony Berrier, which he claims would obtain exculpatory information not disclosed to him during the preparation of his objections to the PSR.

1

Mr. Brik first raised this issue in his May 3, 2021 Motion [Doc. No. 746], wherein he requested permission to reopen his initial § 2255 motion [Doc. No. 624] due to newly discovered evidence allegedly contained in his attorney's file on Dr. Berrier. On April 14, 2022, this Court denied Mr. Brik's May 3, 2021 Motion on the basis that it was a second or successive habeas petition filed without the required permission of the Eighth Circuit Court of Appeals [Doc. No. 766].[1] Mr. Brik subsequently requested authorization to file a successive habeas petition, and on August 10, 2022, the Eighth Circuit denied that request [Doc. No. 777]. Mr. Brik made a second request for authorization, and the Eighth Circuit denied that request on September 14, 2022 [Doc. No. 779]. On November 21, 2022, the Eighth Circuit denied Mr. Brik authorization to file a successive habeas petition a third time [Doc. No. 787].

Prior to his third denial, Mr. Brik again moved this Court to reopen his initial § 2255 petition based on the allegedly newly discovered exculpatory evidence [Doc. No. 782], and on February 21, 2023, Mr. Brik filed a discovery request [Doc. No. 789] for the same material underlying the present motion. On March 16, 2023, this Court again construed Mr. Brik's motion as a second or successive § 2255 petition filed without authorization from the Eighth Circuit, and denied his motion [Doc. No. 790]. On April 17, 2023, the Eighth Circuit denied Mr. Brik authorization to file a successive § 2255 petition for the

---

[1] *See* 28 U.S.C. §§ 2244, 2255(e), (h) (requiring defendants to obtain certification for a second or successive § 2255 petition from the appropriate Court of Appeals before filing); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) (holding that inmates may not bypass the authorization requirement for filing a second or successive § 2255 petition by purporting to invoke some other procedure).

fourth time [Doc. No. 793]. On June 12, 2023, the Eighth Circuit reviewed this Court's March 16, 2023 Order and the underlying casefile, affirmed this Court's denial of a certificate of appealability, and dismissed Mr. Brik's appeal of the order [Doc. No. 805]. On November 27, 2023, Mr. Brik filed his Motion to Compel [Doc. No. 807], requesting the same evidence underlying his previous two motions.

On December 5, 2023, this Court denied Mr. Brik's Motion to Compel as moot because the Court found that Mr. Brik would not be eligible for relief under § 2255 given his custody status [Doc. No. 808]. The Court also explained that, regardless of Mr. Brik's eligibility, the Court would deny his request on the merits for three separate reasons. First, Mr. Brik failed to make specific allegations that would establish good cause entitling him to discovery on a habeas petition. Second, Mr. Brik's motion does not comply with the discovery rules, as his former attorney would not be a party to his habeas petition. Finally, given Mr. Brik's history of repeated attempts to seek habeas corpus relief, the Court explained its doubts that the Eighth Circuit would grant him the necessary permission to file a successive habeas petition at all.

The Court has since learned that Mr. Brik actually is currently in BOP custody. This in fact renders him in federal custody for purposes of § 2255 habeas relief, and therefore his request is not moot on the basis of his custody status. However, his motion is still denied, for the reasons discussed herein and in the Court's December 5, 2023 Order [Doc. No. 808].

To show good cause entitling him to discovery, Mr. Brik must give the Court reason to believe that he is entitled to relief. *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004)

(citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Contrary to his assertion that "his previous denials from the Court of Appeals was [*sic*] explicitly due to his inability to furnish his current requested supporting documents" [Doc. No. 809], the record reflects that the Eighth Circuit has reviewed Mr. Brik's filings repeatedly and has nonetheless denied Mr. Brik authorization to file a successive § 2255 petition on four separate occasions. Because the Eighth Circuit has repeatedly and consistently held that Mr. Brik's allegations about the evidence requested are not sufficient to authorize him to file a new petition, the Court finds that he has not demonstrated good cause here.

Accordingly, based on the foregoing and all the files, record, and proceedings here,

**IT IS HEREBY ORDERED** that:

   A. Defendant Vladimir Vladimirovich Brik's Pro Se Motion for Reconsideration [Doc. No. 809] is respectfully **DENIED;** and

   B. Defendant Vladimir Vladimirovich Brik's Pro Se Motion to Produce [Doc. No. 810] is respectfully **DENIED.**

**IT IS SO ORDERED.**

Dated: December 20, 2023                    /s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge